**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MARIO ANTONIO RIVERA,
        *Defendant-Appellant.*

No. 10-50313

D.C. No.
3:09-cr-01855-DMS

OPINION

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted
May 2, 2011—Pasadena, California

Filed September 23, 2011

Before: John T. Noonan and Kim McLane Wardlaw,
Circuit Judges, and Edward R. Korman, District Judge*

Opinion by Judge Korman

---

*The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

18183

**COUNSEL**

Marc X. Carlos, Bardsley & Carlos, L.L.P., San Diego, California, for the defendant-appellant.

Laura E. Duffy, United States Attorney, San Diego, California, for the plaintiff-appellee.

Bruce R. Castetter, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

C. Seth Askins, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

KORMAN, District Judge:

Mario Antonio Rivera, an alien, has been convicted of at least ten offenses and has been removed from the United States ten times, most recently on December 5, 2008. Less than six months after he was last removed, he was again arrested as he attempted to cross the border from Mexico into the United States. On January 29, 2010, Rivera pleaded guilty to a violation of 8 U.S.C. § 1326—for unlawfully attempting to reenter the United States after having previously been removed—and was sentenced to a 37-month term of imprisonment, the low end of the range prescribed by the Sentencing Guidelines.

In calculating the prescribed range, the district court increased the offense level by eight levels because Rivera

"previously was deported, or unlawfully remained in the United States, after . . . a conviction for an *aggravated felony*." U.S.S.G. § 2L1.2(b)(1)(C) (emphasis added). The term "aggravated felony" is defined to include a theft offense "for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The district court determined that any one of Rivera's three prior felony petty theft convictions under Cal. Penal Code §§ 484(a) and 666 would be sufficient to trigger the eight-level increase, because he had been sentenced to concurrent 16-month terms of imprisonment in state prison for his first and second offense and two years in state prison for his third offense.

Relying on *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc), Rivera argues that the district court erroneously held that these petty theft convictions each categorically qualified as an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(G). Applying the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), *Corona-Sanchez* held that a petty theft conviction, under Cal. Penal Code § 484(a), cannot qualify as an aggravated felony for two reasons. First, barring an enhancement based on any prior offenses, the sentence for a violation of § 484(a) is only six months, *Corona-Sanchez*, 291 F.3d at 1210 (citing Cal. Penal Code § 490), and, in determining whether a state offense is an aggravated felony, courts "must consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements," *id.* at 1209. Second, a broader range of conduct is prohibited by Cal. Penal Code § 484(a) than is prohibited by the generic theft offense referenced in 8 U.S.C. § 1101(a)(43)(G), so a conviction under Section 484(a) is not necessarily an aggravated felony. *Corona-Sanchez*, 291 F.3d at 1208. These arguments do not avail the defendant here, although for different reasons.

## DISCUSSION

[1] We review the "district court's interpretation of the Sentencing Guidelines de novo, the district court's application

of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009) (internal quotation marks and citations omitted). We begin by addressing the question whether a conviction for petty theft under Cal. Penal Code §§ 484(a) and 666 can qualify as an aggravated felony because a conviction for petty theft is a misdemeanor that carries a sentence of not more than six months in the county jail, *see* Cal. Penal Code §§ 17(a), 490, and because the term of imprisonment can increase to sixteen months or two years (as it did in this case) only if a recidivist sentencing provision applies, *see* Cal. Penal Code §§ 18, 666. The Supreme Court resolved this issue in *United States v. Rodriquez*, 553 U.S. 377 (2008). The issue there turned on the language of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(e)(1), (2)(A)(ii). Under the ACCA, a person convicted for being a felon in possession of a firearm, who has three prior convictions for a "serious drug offense," is subject to a 15-year mandatory minimum. 18 U.S.C. §§ 922(g), 924(e)(1). The term "serious drug offense" is defined in relevant part as a state drug-trafficking conviction "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The defendant in *Rodriquez* had three prior drug-trafficking convictions. 553 U.S. at 380. The maximum penalty of imprisonment under Washington law for such drug-trafficking offenses was 5 years. *Id.* at 381. But a conviction for a second or subsequent offense carried a maximum penalty of 10 years imprisonment. *Id.*

**[2]** We had held in *United States v. Rodriquez*, 464 F.3d 1072 (9th Cir. 2006), *rev'd* 553 U.S. 377 (2008), that the recidivist enhancement could not be considered in determining whether the defendant's prior drug-trafficking convictions constituted a serious drug offense, *id.* at 1080. As the Supreme Court observed, in the course of reversing us, *Rodriquez*, 553 U.S. at 382, we had come to this conclusion by "applying [our] prior precedent in *United States v. Corona-*

*Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc)," which held that a conviction for a substantive offense must be considered separate and apart from any sentencing enhancements because "recidivism does not relate to the commission of the offense," *Corona-Sanchez*, 291 F.3d at 1209 (internal quotation marks and citation omitted). But *Rodriquez* held, to the contrary, that an increased, recidivist "sentence is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." 553 U.S. at 386 (internal quotation marks and citation omitted). Thus, because the recidivist sentence *does* relate to the commission of the repeat offense and is clearly part of the sentence "prescribed by law," a recidivist sentence may be considered in determining whether a prior conviction qualifies as a predicate offense. *See Rodriquez*, 553 U.S. 382-86. In light of the Supreme Court's reasoning in *Rodriquez*, we decline to follow *Corona-Sanchez* here because, as we have held, we are not bound by a circuit precedent "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

**[3]** Rivera argues, however, that *Rodriquez* did not disturb *Corona-Sanchez* because the ACCA "is a very different statute than [the INA]." This argument fails because the Supreme Court's reasons for rejecting the holding of *Corona-Sanchez* apply with equal force regardless of the statutory scheme at issue. Nevertheless, there is one salient difference between the ACCA provision at issue in *Rodriquez* and the INA provision at issue in *Corona-Sanchez* (though this difference is of no avail to Rivera here). The ACCA enhances a sentence for a felon in possession of a weapon if he had previously been convicted of, among other offenses, a serious drug offense. 18 U.S.C. § 924(e)(2)(A)(I). The INA enhances a sentence for unlawful reentry if the defendant had previously been convicted of an aggravated felony, which includes a theft offense for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(G). Thus, the state drug convictions of

the defendant in *Rodriquez* qualified as serious drug offenses, even though he was given a sentence far below the 10-year maximum, simply because the offenses were punishable by a 10-year maximum sentence. The "at least one year" requirement of 8 U.S.C. § 1101(a)(43)(G), however, pertains to "the actual sentence imposed by the trial judge." *Alberto-Gonzalez v. I.N.S.*, 215 F.3d 906, 910 (9th Cir. 2000). Because Rivera was actually sentenced to terms of imprisonment of at least one year for each of his felony petty theft convictions, they clearly satisfy the threshold sentence requirement for an aggravated felony.

The fact that Rivera's petty theft convictions under Cal. Penal Code §§ 484(a) and 666 satisfy the "at least one year" sentence requirement of 8 U.S.C. § 1101(a)(43)(G) does not, however, end our inquiry. We must still address the issue whether such a conviction constitutes a predicate *theft offense* that may be deemed an aggravated felony. To make this determination, we first compare "the fact of conviction and the statutory definition of the prior offense" with the statutory definition of the predicate offense. *Taylor*, 495 U.S. at 602. If the full range of conduct prohibited by the state petty theft provision is also prohibited by the federal theft offense provision, then the petty theft offense is a categorical match to the predicate theft offense, and the sentencing enhancement is warranted. *See United States v. Farmer*, 627 F.3d 416, 418 (9th Cir. 2010) (explaining *Taylor*'s methodology), *cert. denied*, No. 10-9620, 2011 WL 1043734 (June 27, 2011).

**[4]** Our prior decisions have established, however, that a petty theft conviction, under Cal. Penal Code §§ 484(a) and 666, is not a categorical match to the federal definition of a theft offense. The latter is limited to " '[1] a taking of property or an exercise of control over property [2] without consent [3] with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.' " *Carrillo-Jaime v. Holder*, 572 F.3d 747, 750 (9th Cir. 2009) (quoting *Corona-Sanchez*, 291 F.3d

at 1205). Cal. Penal Code § 484(a) is not a categorical match to 8 U.S.C. § 1101(a)(43)(G) because the state statute also expressly criminalizes certain conduct—such as theft of labor, false credit reporting, and theft by false pretenses—that do not satisfy the generic definition. *Carrillo-Jaime*, 572 F.3d at 751, 753.

**[5]** "Where, as here, the state statute is broader than the federal definition of a predicate offense, 'we must use the so called modified categorical approach . . . .' " *United States v. Strickland*, 601 F.3d 963, 967-68 (9th Cir. 2010) (en banc) (quoting *United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (per curiam)). "Our purpose is to determine whether documentation or judicially noticeable facts clearly establish that the defendant pleaded guilty to facts covered by the predicate offense." *Id.* at 968. Under this approach, a court may look only to the "record of conviction," generally defined as " 'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the [state] trial judge to which [the defendant] assented.' " *United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

In *Corona-Sanchez*, "[a]ll the known information about the conviction [came] from the rendition of criminal history contained in the presentence report," which merely "describe[d] the qualifying offense as '666/488 PC, Petty Theft with Prior Jail Term for a Specific Offense.' " 291 F.3d at 1206. But we held in *Corona-Sanchez* that "a presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition." *Id.* at 1212. In this case, however, we need not rely on the presentence report (as the district court did) because we have available the charging instruments, plea form, and the abstract of judgment for Rivera's May 30, 2006

petty theft convictions, which establish that Rivera pleaded guilty to a generic theft offense.

**[6]** The felony complaint and felony information alleged that Rivera "did unlawfully and in violation of Penal Code Section 484(a), steal take and carry away the personal property of WAL-MART." By pleading guilty to this charge, Rivera pleaded guilty to " 'a taking of property . . . without consent with the criminal intent to deprive the owner of rights and benefits of ownership . . . .' " *Corona-Sanchez*, 291 F.3d at 1205 (quoting *Hernandez-Mancilla v. I.N.S.*, 246 F.3d 1002, 1009 (7th Cir. 2001)); *cf. People v. Davis*, 965 P.2d 1165, 1167 (Cal. 1998) (stating elements of petty theft under § 484(a)); *People v. Thompson*, 322 P.2d 489, 490 (Cal. Ct. App. 1958) (same). Because the felony complaint and the felony information each qualify as "a charging document that narrows the charge to generic limits," the fact that Rivera pleaded guilty to this charge establishes that he was convicted of a generic theft offense. *Shepard*, 544 U.S. at 25.

## CONCLUSION

**[7]** Because the judicially-noticeable documents submitted by the United States Attorney establish clearly and unequivocally that Rivera's May 30, 2006 petty theft conviction was based upon his plea of guilty to conduct that constitutes a generic theft offense, and because this was a theft offense conviction for which the term of imprisonment was at least one year, Rivera's offense level was correctly increased by eight levels, under U.S.S.G. § 2L1.2(b)(1)(C).

**AFFIRMED.**