**NOT FOR PUBLICATION**<sup>*</sup>

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HERMAN GIBSON, a.k.a. Duane Gibson, a.k.a. Herman Duane Gibson, , <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., <br><br> Respondent. | No. 09-72635 <br><br> Agency No. A014-571-429 <br><br> MEMORANDUM |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 2, 2011
Pasadena, California

Before:   WARDLAW and NOONAN, Circuit Judges, and KORMAN,<sup>**</sup> District Judge.

Herman Gibson, a native and citizen of Panama and lawful permanent resident

of the United States, petitions for review of an order of the Board of Immigration

---

<sup>*</sup> This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<sup>**</sup> The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Appeals ("BIA"), which reversed an order of the Immigration Judge granting Gibson cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a). "Legal determinations regarding an alien's eligibility for cancellation of removal are reviewed de novo." *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). We deny the petition for review.

Because the parties are familiar with the facts of this case, we discuss them here only as necessary to our disposition. DHS initiated removal proceedings against Gibson after he was convicted, on August 30, 2007, of petty theft, under Cal. Penal Code § 484(a), and sentenced as a recidivist to a 16-month term of imprisonment, under Cal. Penal Code § 666(a). On October 21, 2005, Gibson had also been convicted of "petty theft with priors," and likewise sentenced to a 16-month term of imprisonment. Gibson pleaded guilty to both the 2005 and 2007 offenses. The Immigration Judge agreed with DHS that Gibson was removable because theft is a crime of moral turpitude, and Gibson had been convicted of two such crimes that did not arise out of a single scheme of criminal misconduct. *See United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999); 8 U.S.C. § 1227(a)(2)(A)(ii).

Notwithstanding this determination, a removable alien is eligible for cancellation of removal, under 8 U.S.C. § 1229b(a), if he "has not been convicted of any aggravated felony," *id.* Under 8 U.S.C. § 1101(a)(43)(G), the term "aggravated

2

felony" includes "a theft offense . . . for which the term of imprisonment [is] at least one year." Although Gibson was twice convicted of felony petty theft and twice sentenced to a 16-month term of imprisonment, the Immigration Judge nonetheless found that Gibson had not been convicted of any aggravated felony, citing as "controlling" precedent *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc).

*Corona-Sanchez* held that a petty theft conviction, under Cal. Penal Code § 484(a), punished as a felony with a term of imprisonment of "at least one year," under Cal. Penal Code § 666, cannot qualify as an aggravated felony for two reasons. First, barring an enhancement based on any prior offenses, the default sentence for a violation of Section 484(a) is only six months, *Corona-Sanchez*, 291 F.3d at 1210 (citing Cal. Penal Code § 490), and, in determining whether a state offense is an aggravated felony, courts "must consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements," *id.* at 1209. Second, a broader range of conduct is prohibited by Cal. Penal Code § 484(a) than is prohibited by the theft offense referenced in 8 U.S.C. § 1101(a)(43)(G), so a conviction under § 484(a) is not necessarily an aggravated felony. *Corona-Sanchez*, 291 F.3d at 1208. Finding that Gibson's two prior petty theft convictions thus did not qualify as aggravated felonies, the Immigration Judge deemed Gibson eligible for

cancellation of removal, analyzed the merits of his application, and granted it.

The BIA reversed, finding that *Corona-Sanchez* had been overruled in part by *United States v. Rodriquez*, 553 U.S. 377 (2008). The BIA noted that, under *Rodriquez*, when a federal sentencing enhancement provision is triggered by a prior conviction of a predicate offense, and the predicate offense is defined in part by the term of imprisonment that may be imposed, courts may consider applicable recidivist enhancements when they determine the term of imprisonment for the predicate offense. Nonetheless, the BIA acknowledged that "[b]ecause Cal. Penal Code § 484(a) includes conduct that is beyond the ambit of the generic definition of theft, an offense charged thereunder does not categorically qualify as an aggravated felony."

"When the statute of conviction does not categorically qualify as an aggravated felony, we use the modified categorical approach to decide whether the conduct for which the alien was actually convicted qualifies as an aggravated felony." *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008). The BIA thus "examine[d] the charging document and the judgment contained in the record," to determine whether Gibson had been in fact been convicted of elements of a petty theft offense that also constitute a predicate theft offense, under 8 U.S.C. § 1101(a)(43)(G). The BIA defined a "theft offense" as "the taking of or exercise of control over property without consent when there is criminal intent to deprive the owner of the rights and benefits of ownership,

4

even if such deprivation is less than total or permanent."

The felony complaints for Gibson's 2005 and 2007 felony petty theft convictions both alleged that Gibson stole, took, and carried away the personal property of a retail store. The BIA found that this specification of the charged offense satisfied the "generic definition of a theft offense." Consequently, the BIA concluded that Gibson had two prior aggravated felony convictions and was thus ineligible for cancellation of removal, pursuant to 8 U.S.C. § 1229b(a)(3). The BIA thus vacated the Immigration Judge's cancellation of Gibson's removal and, on August 4, 2009, ordered Gibson removed from the United States to Panama.

We hold that the BIA correctly found that the Supreme Court's decision in *Rodriquez* "has deprived *Corona-Sanchez* of its precedential force with respect to the treatment of recidivist enhancements." *See United States v. Rivera*, No. 10-50313, 2011 WL 4430843, at *2 (9th Cir. Sept. 23, 2011). Nevertheless, *Rodriquez* did not overrule the holding in *Corona-Sanchez* that § 484(a) criminalizes conduct that would not constitute an aggravated felony under federal sentencing law. *See Rivera*, 2011 WL 4430843, at *3. So the BIA correctly applied the modified categorical approach to determine whether Gibson had previously been convicted, under Cal. Penal Code §§ 484(a) and 666, of conduct that qualifies as a theft offense, under 8 U.S.C. § 1101(a)(43)(G). The BIA properly examined the felony complaints and abstracts

5

of judgment for Gibson's two prior petty theft convictions, which are part of the "record of conviction" that may be considered in order to determine the conduct for which the defendant was convicted. *See Rivera*, 2011 WL 4430843, at *3.

On the basis of the felony complaints and abstracts of judgment, the BIA correctly found that Gibson had been convicted of conduct that constitutes a generic theft offense. Count 1 of the felony complaint relating to Gibson's 2005 offense reads (in relevant part):

> On or about October 12, 2005, in the County of Los Angeles, the crime of PETTY THEFT WITH PRIOR(S), in violation of PENAL CODE SECTION 666, a Felony, was committed by HERMAN DUANE GIBSON, who did unlawfully and in violation of Penal Code Section 484(a), steal take and carry away the personal property of SAV-ON.

Count 1 of the felony complaint relating to his 2007 offense contains the same allegation with respect to personal property of "TARGET DEPT STORE." As we explained in *Rivera*, a charging document that contains such allegations adequately alleges a generic theft offense, notwithstanding the categorical overbreadth of Cal. Penal Code § 484(a), because the charging document "'narrows the charge to generic limits.'" *Rivera*, 2011 WL 4430843, at *4 (quoting *United States v. Shepard*, 544 U.S. 13, 25 (2005)).

Under the modified categorical approach, therefore, the felony complaints to

which Gibson pleaded guilty provide clear and unequivocal evidence that Gibson was convicted of aggravated felonies, under 8 U.S.C. § 1101(a)(43)(G). The BIA correctly found that Gibson is statutorily ineligible for cancellation of removal, under 8 U.S.C. § 1229b(a).

**PETITION DENIED.**