NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDDY ARNOLDO LESTER-WALKER, a.k.a. Eddy Lester, a.k.a. Eddy Renaldo Lester, a.k.a. Eddy Reynaldo Lester, a.k.a Eddy Lester-Walker,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71918<br><br>Agency No. A018-624-142<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Eddy Arnoldo Lester-Walker, a native and citizen of Costa Rica, petitions

pro se for review of an order of the Board of Immigration Appeals ("BIA")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a conviction constitutes an aggravated felony. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011). We deny the petition for review.

The BIA correctly concluded that Lester-Walker's convictions under California Penal Code § 666 for petty theft with prior convictions constitute convictions for aggravated-felony theft offenses under 8 U.S.C. § 1101(a)(43)(G) that bar him from eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3); *see also Ramirez-Villalpando*, 645 F.3d at 1039 ("[W]e have defined generic theft as 'a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.'" (citation omitted)); *United States v. Rivera*, 658 F.3d 1073, 1076 (9th Cir. 2011) ("[A] recidivist sentence may be considered in determining whether a prior conviction qualifies as a predicate offense.").

**PETITION FOR REVIEW DENIED.**

09-71918