**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA CESAREA SANCHEZ-PARRA, a.k.a. Laura Sanchez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70370 <br><br> Agency No. A036-730-828 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Laura Cesarea Sanchez-Parra, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's removal order. We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law, *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011), and we deny the petition for review.

The BIA correctly determined that Sanchez-Parra's 2010 conviction for petty theft with priors, in violation of California Penal Code §§ 484 and 666, constituted an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G), where the record of conviction shows that she pleaded guilty to theft of personal property and was sentenced to two years imprisonment. *See United States v. Rivera*, 658 F.3d 1073, 1076-78 (9th Cir. 2011) (a conviction for petty theft with priors under California Penal Code §§ 484 and 666 constitutes an aggravated felony theft offense where the record of conviction shows defendant pleaded guilty to theft of personal property and received a sentence of at least one year); *see also Ramirez-Villalpando*, 645 F.3d at 1040-41 (using an abstract of judgment in combination with the charging document to establish that a conviction was for a removable offense).

Because Sanchez-Parra was convicted of an aggravated felony, the BIA correctly concluded that she is removable, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and statutorily ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3).

**PETITION FOR REVIEW DENIED.**