**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50430 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03086-MMA-1 |
| v. | AMENDED MEMORANDUM[*] |
| ELIZARDO LUNA-MAGDALENO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Elizardo Luna-Magdaleno appeals from his conviction and sentence for

attempted entry after deportation in violation of 8 U.S.C. § 1326.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Luna-Magdaleno first contends that the district court erred in denying his motion to dismiss the indictment, in which he challenged the validity of all three removal orders on which the government relied. Only one valid removal order is necessary to sustain the conviction, and we conclude that the 2005 removal order is valid. Luna-Magdaleno does not contest that he was properly deemed removable in 2005 because he had made a false claim of United States citizenship. *See* 8 U.S.C. § 1182(a)(6)(C)(ii). He argues only that the removal order was fundamentally unfair because the immigration judge failed to advise him of various forms of relief from removal. However, he concedes that, of the four forms of relief he initially identified, he was not actually eligible for voluntary departure or cancellation of removal for certain nonpermanent residents. Luna-Magdaleno was also ineligible for cancellation of removal *nunc pro tunc* because, under then-existing law, his 1998 and 2000 burglary convictions were aggravated felonies. *See* 8 U.S.C. § 1229b(a)(3); *United States v. Velasco-Medina*, 305 F.3d 839, 852–53 (9th Cir. 2002). Finally, even assuming that the immigration judge should have informed him that he could ask to withdraw his application for admission, no prejudice resulted because it is implausible that he would have been granted this relief in light of his fraudulent attempt to gain entry. *See United States v. Barajas-*

*Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1983 (2012).

**2.** Luna-Magdaleno next contends that the district court erred by increasing his offense level because the court incorrectly determined that he had been previously removed after a conviction for an aggravated felony. Luna-Magdaleno was convicted in 2002 of petty theft with a prior conviction under California Penal Code sections 484 and 666. Following the modified categorical analysis we applied in *United States v. Rivera*, 658 F.3d 1073, 1077–78 (9th Cir. 2011), Luna-Magdaleno's offense falls within the definition of the generic theft offense because the conviction documents reflect that he pleaded guilty only to the "steal, take, [and] carry . . . away" prong of the statute. Cal. Penal Code § 484(a). The outcome in *Rivera* is unaffected by the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), because § 484(a) is divisible. Luna-Magdaleno, like the defendant in *Rivera*, pleaded guilty only to the larceny provision of § 484(a); thus there is no doubt that the state crime matched the elements of the federal generic crime.

**3.** Finally, Luna-Magdaleno argues that the district court erred in applying 8 U.S.C. § 1326(b) to impose a sentence that exceeds the two-year maximum provided for in § 1326(a). He acknowledges that § 1326(b) has been construed as

3

a penalty provision, rather than a separate crime, and that the district court was therefore authorized to apply the prior-conviction enhancement under existing precedent. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998). We have already considered and rejected Luna-Magdaleno's argument that subsequent cases have overruled *Almendarez-Torres*. *See United States v. Ruiz-Apolonio*, 657 F.3d 907, 920–21 & n.11 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1614 (2012); *United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011).

**AFFIRMED.**