Dawkins v. Holder

# UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Argued: September 26, 2013          Decided: August 12, 2014 )

Docket No. 12-4569

_____

NATALEE MARIE DAWKINS, AKA NATALAIE DAWKINS, AKA NATALIE BROWN, AKA KEISHA BROWN, AKA NATALIE HUTCHINSON,

*Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____


Before:  PARKER, HALL, and LIVINGSTON, *Circuit Judges.*

_____


Petitioner seeks review of a decision of the Board of Immigration Appeals affirming an immigration judge's decision finding her removable from the United States based on her conviction for an aggravated felony theft offense as defined in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(G).  Specifically, she contends that the agency erred in finding that the term of imprisonment for that offense was at least one year because (1) the maximum term of imprisonment she faced for the offense was three months, and (2) the recidivist sentence enhancement imposed, which resulted in a sentence of three years' imprisonment, was not relevant to the aggravated felony determination.  Because it is the actual sentence imposed, including any recidivist enhancements applied, that is considered when determining the term of imprisonment, we conclude that the agency did not err in finding Dawkins removable based on her conviction for an aggravated felony theft offense.  We therefore DENY Dawkins's petition.

_____

1

Elyssa Williams (Glenn L. Formica, D. Wade Luckett, *on the brief*), Formica Williams, P.C., New Haven, CT, *for Petitioner*.

Jane T. Schaffner, Trial Attorney (Stuart F. Delery, Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director; Colin J. Tucker, Trial Attorney, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., *for Respondent*.

_____

PER CURIAM:

Petitioner Natalee Marie Dawkins, a native and citizen of Jamaica, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of Immigration Judge ("IJ") Michael W. Straus finding her removable from the United States based on her convictions for multiple crimes involving moral turpitude and an aggravated felony as defined in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(G)—a theft offense for which the term of imprisonment is at least one year. The IJ also concluded that she was statutorily ineligible for cancellation of removal as an aggravated felon.

Dawkins petitions this Court for review, challenging only the agency's determination that she was removable for having been convicted of an aggravated felony theft offense. Dawkins argues that, although she was convicted of a theft offense, the agency erred in finding that the term of imprisonment for that offense was at least one year because (1) the maximum term of imprisonment she faced for the offense was three months, and (2) the recidivist sentence enhancement imposed, which resulted in a sentence of three years' imprisonment, was not relevant to the aggravated felony determination. We hold that Dawkins's conviction constituted an aggravated felony theft offense for which the term of imprisonment was at least one year because it is the actual sentence imposed, including any recidivist enhancements applied, that is considered. In reaching this determination, we extend to our interpretation of the phrase "term of imprisonment" in the INA the Supreme Court's holding in *United States v. Rodriquez*, 553

2

U.S. 377 (2008), that the phrase "maximum term of imprisonment" in the Armed Career

Criminal Act ("ACCA") includes any applicable recidivist sentence enhancements.

BACKGROUND

Dawkins entered the United States as a lawful permanent resident in 1994. Between 2002 and 2004, Dawkins was convicted on four occasions of larceny in violation of Connecticut General Statutes ("CGS") § 53a-125a & -125b. In 2010, Dawkins pled guilty to larceny in violation of CGS § 53a-125b, admitted to being a persistent larceny offender based on her prior convictions, and received a suspended sentence of three years' imprisonment. Subsequently, the government initiated removal proceedings, charging Dawkins with removability as an alien convicted of multiple crimes involving moral turpitude and as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G)—"a theft offense . . . for which the term of imprisonment [is] at least one year." An IJ found Dawkins removable as charged and ineligible for cancellation of removal as an aggravated felon. In October 2012, the BIA dismissed Dawkins's appeal of the IJ's decision, reasoning that pursuant to *United States v. Rodriquez*, 553 U.S. 377 (2008), in determining whether a term of imprisonment is at least one year for purposes of the definition of aggravated felony in § 1101(a)(43)(G), an IJ may consider sentence enhancements.

Dawkins's sole challenge is to the agency's determination that she is removable for having been convicted of an aggravated felony under § 1101(a)(43)(G). Specifically, she argues that the rule of lenity requires us to interpret any ambiguities in § 1101(a)(43)(G) against the government. She further contends that the requirement in that provision that she have been sentenced to a term of imprisonment of at least one year does not include applicable recidivist sentence enhancements because such enhancements necessarily result from multiple offenses, while the plain language of § 1101(a)(43)(G) requires that the term of imprisonment of at least one year result from commission of a single offense. Dawkins also contends that the Supreme

4

Court's decision in *Rodriquez*, interpreting the phrase "maximum term of imprisonment" in the ACCA to include applicable state recidivist enhancements, should not apply in the context of interpreting "term of imprisonment" in the INA because the purposes of the two federal statutes differ.

## DISCUSSION

We generally lack jurisdiction to review a final order of removal of an alien, such as Dawkins, who was found removable by reason of having been convicted of two or more crimes involving moral turpitude and an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to consider questions of law, including whether Dawkins's underlying conviction constitutes an aggravated felony, 8 U.S.C. § 1252(a)(2)(D); *see also Almeida v. Holder*, 588 F.3d 778, 783 (2d Cir. 2009), a question we review *de novo*, *Pascual v. Holder*, 707 F.3d 403, 404 (2d Cir. 2013) (*per curiam*). Although it remains open whether unpublished BIA decisions interpreting provisions in the INA, such as the decision in this case, are entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), we need not resolve that question here because "our *de novo* review of the IJ's decision as supplemented by the BIA reveals no error." *Tchitchui v. Holder*, 657 F.3d 132, 135 n.1 (2d Cir. 2011) (*per curiam*).

At issue is whether the agency erred in concluding that Dawkins's 2010 conviction for larceny in violation of CGS § 53a-125b, which resulted in a three year suspended sentence of imprisonment, constituted an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G)—"a theft offense . . . for which the term of imprisonment [sic] at least one year." We decline to apply the rule of lenity in interpreting § 1101(a)(43)(G) because, contrary to Dawkins's suggestion, the missing verb in the definition does not render the provision ambiguous. *United States v. Pacheco*, 225 F.3d 148, 153 (2d Cir. 2000).

5

While Dawkins does not dispute that her 2010 conviction for larceny in violation of CGS § 53a-125b was for a theft offense, she argues that the agency erred in concluding that it was an offense for which the term of imprisonment was at least one year because a first offense in violation of CGS § 53a-125b carries a maximum penalty of three months' imprisonment, and her enhanced sentence of three years, based on her admission that she was a persistent larceny offender, was attributable to her five prior larceny convictions and not a singular theft offense as required by 8 U.S.C. § 1101(a)(43)(G). We disagree.

We have previously held that, under the plain language of the INA, the sentence actually imposed, and not the statutory minimum, is the sentence considered when determining whether a "term of imprisonment [is] at least one year" as required in 8 U.S.C. § 1101(a)(43)(G), and it is immaterial whether the sentence is suspended. *Pacheco*, 225 F.3d at 153-54 (citing 8 U.S.C. § 1101(a)(48)(B), which provides that "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part"). We now hold, as the Supreme Court did in interpreting the phrase "maximum term of imprisonment" in the ACCA, that the phrase "term of imprisonment" in 8 U.S.C. § 1101(a)(43)(G) includes any applicable recidivist enhancements. *See Rodriquez*, 553 U.S. at 380-84.

The ACCA, a federal sentence enhancement statute, provides in pertinent part a minimum fifteen-year sentence for federal criminal defendants with three prior state court convictions for "a serious drug offense," defined as a drug trafficking conviction "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii); *see also Rodriquez*, 553 U.S. at 381-82. In *Rodriquez*, the Supreme Court

6

concluded that the phrase "maximum term of imprisonment" was not limited to the maximum term allowed under the state criminal statute but included applicable state recidivist sentence enhancements. *Id.* at 380-84. The Court reasoned that the plain meaning of the phrase "maximum term of imprisonment" and the customary understanding of the criminal justice process required this interpretation, explaining that an attorney or judge would not explain to a criminal defendant that the "maximum term of imprisonment" that she faced was ten years if, factoring in recidivist enhancements, she actually faced fifteen years of imprisonment. *Id.* at 383-84. Although the Supreme Court recognized that under its interpretation some cases could present federal courts with difficult inquiries into whether a defendant faced a recidivist enhancement under state law, it nevertheless concluded that such a possibility did not justify ignoring the clear meaning of the phrase "maximum term of imprisonment" in the ACCA. *Id.* at 388-89.

The Court of Appeals for the Ninth Circuit has concluded that the plain language of the INA and the common sense reasoning in *Rodriquez* require a similar interpretation of the phrase "term of imprisonment" in 8 U.S.C. § 1101(a)(43)(G). *United States v. Rivera*, 658 F.3d 1073, 1075-77 (9th Cir. 2011) (holding that "the Supreme Court's reasons [in *Rodriquez*] apply with equal force regardless of the statutory scheme at issue" and that the phrase "term of imprisonment" in § 1101(a)(43)(G) includes any sentence enhancements actually imposed regardless of the maximum possible sentence for an offense without enhancements); *see also Alsol v. Mukasey*, 548 F.3d 207, 213 n.5 (2d Cir. 2008) (noting that the *Rodriquez* decision reversed the Ninth Circuit's case law which had provided that recidivist sentence enhancements may not be considered in determining whether a state criminal conviction constitutes an aggravated felony under the INA). Indeed, as it is the sentence actually imposed that is relevant

to the determination of whether a "term of imprisonment [is] at least one year" for purposes of § 1101(a)(43)(G), *Pacheco*, 225 F.3d at 153-54, it would defy both the plain and common meaning of the phrase "term of imprisonment" to conclude that in § 1101(a)(43)(G) that phrase means the sentence of imprisonment actually imposed minus whatever enhancements were applied, *see Rodriquez*, 553 U.S. at 383-84. Moreover, unlike the determination of the "maximum term of imprisonment" under the ACCA, which requires federal courts to evaluate the recidivist enhancements a state court defendant faced as a result of his prior convictions, *Rodriquez*, 553 U.S. at 388-89, determining the "term of imprisonment" pursuant to § 1101(a)(43)(G) poses no such difficulties. The courts need only look to the sentence actually imposed regardless of whether that sentence included recidivist enhancements. Irrespective of the fact that a first conviction for larceny in violation of CGS § 53a-125b carries a maximum possible penalty of three months' imprisonment, the agency did not err in considering Dawkins's enhanced sentence of three years' imprisonment when it determined her "term of imprisonment" under § 1101(a)(43)(G). *Pacheco*, 225 F.3d at 153-54; *also Rodriquez*, 553 U.S. at 380-84, 393.

Furthermore, there is no merit to Dawkins's contention that her sentence is not attributable to a single offense. She argues that she was not convicted of a *single* theft offense for which a sentence of at least one year imprisonment was imposed because her enhanced sentence as a persistent larceny offender was attributable to multiple theft offenses and thus did not fall under § 1101(a)(43)(G)'s definition of an aggravated felony. The Supreme Court has rejected this argument:

> When a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's status as a recidivist. The sentence is a

8

> stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.

*Rodriquez*, 553 U.S. at 386 (alteration in original) (internal quotation marks omitted).

Dawkins's 2010 larceny conviction, for which she was sentenced to a three-year term of imprisonment, constituted an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(G).[1]

## CONCLUSION

For the foregoing reasons, the petition for review is DENIED.

---

[1] As Dawkins failed to exhaust her due process claim before the agency, we need not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).