UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID CHAVEZ,

          Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

No. 11-73977

Agency No. A070-911-147

ORDER

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

We amend the memorandum disposition filed on August 6, 2015. We file an amended memorandum disposition in light of the en banc decision in *Almanza-Arenas v. Lynch*, No. 09-71415. The mandate shall issue in the ordinary course.

**IT IS SO ORDERED.**

FILED

JAN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID CHAVEZ, | No. 11-73977 |
| Petitioner, | Agency No. A070-911-147 |
| v. | AMENDED MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2015[**]
Pasadena, California

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

David Chavez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals's (BIA) decision dismissing his appeal from an

Immigration Judge's (IJ) order of removal. We have jurisdiction pursuant to 8

U.S.C. § 1252(a)(2)(D), and we grant the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA erred as a matter of law when it applied the modified categorical approach to conclude that Chavez's conviction for petty theft with priors in violation of California Penal Code §§ 484(a) and 666 constituted an aggravated felony theft offense. *See* 8 U.S.C. §§ 1101(a)(43)(G); 1227(a)(2)(A)(iii). California law does not require the jury to unanimously agree as to which of the disjunctively worded forms of theft set forth in § 484(a) is the basis for the defendant's conviction. *See People v. Fenderson*, 116 Cal. Rptr. 3d 17, 27 (Cal. Ct. App. 2010); *People v. McLemore*, 32 Cal. Rptr. 2d 687, 689 (Cal. Ct. App. 1994). As a result, the statute is not divisible and the modified categorical approach is inapplicable. *See Descamps v. United States*, 133 S. Ct. 2276, 2282, 2285 (2013); *Almanza-Arenas v. Lynch*, No. 09-71415, 2015 WL 9462976, at *6 (9th Cir. Dec. 28, 2015) (en banc); *Rendon v. Holder*, 764 F.3d 1077, 1081, 1086 (9th Cir. 2014).

Because the modified categorical approach does not apply and "a petty theft conviction, under Cal. Penal Code §§ 484(a) and 666, is not a categorical match to the federal definition of a theft offense," *United States v. Rivera*, 658 F.3d 1073, 1077 (9th Cir. 2011), the BIA erred when it concluded that Chavez was removable as charged under 8 U.S.C. §§ 1101(a)(43)(G) and 1227(a)(2)(A)(iii).

**Petition Granted.**

2