NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WIFREDO ANTOLIN MAYORGA, AKA
Wilfredo Antolin Mayorga-Aguirre,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-72322

Agency No. A074-436-674

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Wifredo Antolin Mayorga, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and relief under the Convention Against Torture

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, and review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

Because Mayorga did not appeal the IJ's denial of his asylum application to the BIA, we lack jurisdiction to review his claim that he was improperly denied asylum. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below).

Contrary to Mayorga's contentions, the agency did not err in considering his suspended sentence, *see* 8 U.S.C. § 1101(a)(48)(B); *Retuta v. Holder*, 591 F.3d 1181, 1187-89 (9th Cir. 2010), or his sentence enhancement, *see U.S. v. Rivera*, 658 F.3d 1073, 1075-76 (9th Cir. 2011), *abrogated on other grounds by Lopez-Valencia v. Lynch*, 798 F.3d 863 (9th Cir. 2015), in determining that he had been convicted of a per se particularly serious crime that barred withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii). Because Mayorga was convicted of an aggravated felony, *see United States v. Morales-Perez*, 467 F.3d 1219, 1223 (9th Cir. 2006) (holding that a § 11351.5 conviction categorically qualifies as a drug

trafficking offense); *see also Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony"), and "an aggravated felony conviction is considered to be a particularly serious crime . . . automatically, if the applicant was sentenced 'to an aggregate term of imprisonment of at least five years[,]'" the agency was not required to consider the underlying circumstances of Mayorga's conviction, *see Unuakhaulu v. Gonzales*, 416 F.3d 931, 935 (9th Cir. 2005) (quoting 8 U.S.C. § 1231(b)(3)(B)).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Mayorga failed to establish that the Guatemalan government would acquiesce in his torture.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014) (government was not willfully blind where it took steps to combat the violence at issue, even if such measures were largely unsuccessful).

Finally, we reject Mayorga's claim that the agency violated his due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

13-72322