*Harris v. Garland*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-three.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

Baliva Junior Harris,

> *Petitioner*,

> v.                                                    22-6404

Merrick B. Garland, United States Attorney General,

> *Respondent*.

---

FOR PETITIONER:                Ryan Brewer, Elyssa Williams, The Bronx Defenders, Bronx, NY.

FOR RESPONDENT:                Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; Edward Wiggers (on the brief), Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Baliva Junior Harris, a native and citizen of Jamaica, seeks review of an August 8, 2022 decision of the BIA, affirming the June 10, 2019 decision of an Immigration Judge ("IJ"), which ordered his removal and found him ineligible to adjust status. *In re Baliva Junior Harris,* No. A058 507 384 (B.I.A. Aug. 8, 2022), *aff'g* No. A058 507 384 (Immig. Ct. N.Y. City June 10, 2019). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Harris pled guilty to possession of stolen property in violation of Virginia Code § 18.2-108 and misdemeanor petit larceny in violation of New York Penal Law § 155.25. The Virginia court sentenced him to a ten-year term of imprisonment, but suspended the entire sentence. The New York court sentenced him to a three-year term of probation. The BIA concluded that this Virginia conviction was an aggravated felony and that Harris was ineligible to adjust to lawful permanent resident ("LPR") status because he had been convicted of two crimes with an aggregate sentence of five years or more.

We have reviewed the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). When a petitioner has been ordered removed for an aggravated felony, our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). Whether a conviction is an aggravated felony is a question of law that we review *de novo*. *Akinsade v. Holder,* 678 F.3d 138, 143 (2d Cir. 2012). An aggravated felony is defined, as relevant here, as "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G) (footnote omitted).

2

On appeal, Harris does not challenge that the elements of his conviction under Virginia Code Section 18.2-108 constitute a theft offense under Section 1101(a)(43)(G). The sole question here regarding removability is whether Harris's ten-year suspended sentence satisfies the "term of imprisonment" requirement under the statutory definition. *See id*. § 1101(a)(48)(B).

That issue is also critical to Harris's eligibility to adjust status. For Harris to adjust to LPR status based on his marriage, he must establish that he is admissible to the United States. *Id.* § 1255(a). He is inadmissible if he has been "convicted of 2 or more offenses (other than purely political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years or more . . . ." *Id.* § 1182(a)(2)(B).

Harris contends that his ten-year suspended sentence is not a "term of imprisonment" under Section 1101(a)(48)(B) because a suspended sentence as used in Virginia does not align with the federal definition of "term of imprisonment." We disagree.

The Immigration and Nationality Act ("INA") provides that "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part*." *Id.* § 1101(a)(48)(B) (emphasis added). Thus, we have held that "under the plain language of the INA, the sentence *actually imposed*, and not the statutory minimum, is the sentence considered when determining whether a 'term of imprisonment [is] at least one year' as required in 8 U.S.C. § 1101(a)(43)(G), and *it is immaterial whether the sentence is suspended*." *Dawkins v. Holder*, 762 F.3d 247, 249 (2d Cir. 2014) (emphasis added) (quoting *United States v. Pacheco*, 225 F.3d

3

148, 154 (2d Cir. 2000)). Applying the statute's plain language here, Harris's sentence satisfies the aggravated felony definition because the Virginia court sentenced him to a ten-year term of incarceration, then suspended the term.

We find unpersuasive Harris's argument that the federal definition does not encompass his suspended sentence because that sentence does not include a probationary component. As the Supreme Court has explained, "[a] suspended sentence is a prison term imposed for the offense of conviction." *Alabama v. Shelton*, 535 U.S. 654, 662 (2002). Harris received a ten-year suspended sentence with certain required conditions, and he does not argue that a violation of the conditions of his suspended sentence would not result in incarceration for the underlying offense. The presence or absence of a probationary component is immaterial under Section 1101(a)(48)(B) because it is abundantly clear that the Virginia court "suspen[ded] . . . the imposition or execution of that [ten years'] imprisonment or sentence in whole." 8 U.S.C. § 1101(a)(48)(B). In short, the sentence "actually imposed"—namely, ten years of imprisonment—falls within the plain language of a "term of imprisonment" under the INA, even when the entire sentence is suspended and does not include a separate probationary term with additional conditions.[1] *Dawkins*, 762 F.3d

---

[1] In reaching this decision, we note that Harris's reliance on the Eleventh Circuit's decision in *United States v. Ayala-Gomez*, 255 F.3d 1314, 1317–19 (11th Cir. 2001) (per curiam), is misplaced. In *Ayala-Gomez*, the court held that, where a Georgia statute permitted the sentencing judge to suspend or "probate" all or any portion of the entire sentence, the probated term (that is, the portion of the term that the petitioner served on probation) also constituted a suspended sentence for purposes of Section 1101(48)(B). *Id*. at 1317–19. However, the court did not hold, as Harris suggests, that a term of probation was *required* to suspend a sentence. Instead, the court made clear that "[w]ords in federal statutes reflect federal understandings, absent an explicit statement to the contrary, even if a state uses the word differently." *Id*. at 1319. The court further explained that "§ 1101(48)(B) deems the term of imprisonment described in § 1101(43) to include all parts of a sentence of imprisonment from which the sentencing court excuses the defendant, even if the court itself follows state-law usage and describes the excuse with a word other than 'suspend.'" *Id*. In other words, "[a]s the maximum time during which the defendant may be punished with incarceration, the term of imprisonment is thus a reasonable measure of the severity of the offense, whatever mechanism the court uses in conditionally excusing the defendant from some incarceration." *Id*.

at 249.

Accordingly, because Harris's suspended sentence constitutes a ten-year "term of imprisonment," and he does not dispute that his Virginia conviction is a theft offense or that he has two convictions, the agency did not err in finding him removable for an aggravated felony theft offense and inadmissible for two convictions with an aggregate sentence of five years or more. 8 U.S.C. §§ 1101(a)(43)(G), 1101(a)(48)(B), 1227(a)(2)(A)(iii), 1182(a)(2)(B). Because Harris is removable for an aggravated felony and inadmissible based on his two convictions and aggregate sentence, we do not consider the agency's remaining findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

Therefore, the analysis in *Ayala-Gomez* provides no support for Harris's position, but rather is fully consistent with our analysis of the plain language of the INA and our decision in *Dawkins*.