**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERTO LOPEZ-VALENCIA, AKA
Adelado Cortez,

*Petitioner*,

v.

LORETTA E. LYNCH, Attorney
General,

*Respondent*.

No. 12-73210

Agency No.
A090-797-248

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 6, 2015—Pasadena, California

Filed August 17, 2015

Before: Andrew J. Kleinfeld, M. Margaret McKeown,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge McKeown

# SUMMARY[*]

## Immigration

The panel granted Roberto Lopez-Valencia's petition for review of the Board of Immigration Appeals' decision finding that his California state petty theft conviction constituted an aggravated felony theft offense as defined by 8 U.S.C. § 1101(a)(43)(G).

The panel held that a California theft conviction, including any offense for which the underlying substantive offense charged was a violation of California Penal Code § 484, is not a categorical theft offense. Applying the methodology established by *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), the panel held that California's theft statute is both overbroad and indivisible, and that it does not match a generic federal theft offense or a theft offense as defined in 8 U.S.C. § 1101(a)(43)(G). The panel emphasized that such a conviction may thus not be subjected to the modified categorical approach.

The panel wrote that to the extent *United States v. Rivera*, 658 F.3d 1073 (9th Cir. 2011), *Carrillo-Jaime v. Holder*, 572 F.3d 747 (9th Cir. 2009), and *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc), suggested that a California theft conviction could qualify as a generic theft offense, they are clearly irreconcilable with *Descamps*.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jeremy Sanders (argued) and Kelly Schwartz (argued), Supervised Law Students under the supervision of Kari E. Hong, Boston College Law School, Ninth Circuit Appellate Project, Newton, Massachusetts, for Petitioner.

Manning Evans (argued) and Joseph D. Hardy, United States Department of Justice Office of Immigration Litigation, Washington, D.C.; Joyce R. Branda, Acting Assistant Attorney General, and Blair T. O'Connor, Assistant Director, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

McKEOWN, Circuit Judge:

On its face, the task of figuring out whether a prior offense qualifies as a "violent felony" under the Armed Career Criminal Act or an "aggravated felony" under immigration law would seem to be a straightforward undertaking. After all, these categories conjure up the notion of certain kinds of crimes. In practice, however, the classification has been much more nuanced, and courts have spent inordinate amounts of time parsing whether a crime falls into one of these categories. The consequences are significant as the answer may lead either to an enhanced sentence under federal criminal law or to removal or a bar of relief under immigration law.

Although it professed that prior caselaw "all but resolves" the question, in *Descamps v. United States* the Supreme Court

substantially altered the framework for determining whether a prior state court conviction triggers certain consequences in subsequent federal proceedings.    133 S. Ct. 2276, 2283 (2013).    Adhering to the methodology established by *Descamps* and our follow-on opinion in *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), we conclude that a conviction under California's theft statute[1] is not an aggravated felony because it is not a "theft offense" as defined by 8 U.S.C. § 1101(a)(43)(G).    To employ now-familiar legalese: a conviction for "theft" in California is categorically not a "generic theft offense" because it is both "overbroad" and "indivisible," and thus not susceptible to the "modified categorical approach."    We grant Lopez-Valencia's petition and remand to the Board of Immigration Appeals for further proceedings.

## BACKGROUND

The facts essential to this appeal are not disputed.  Lopez-Valencia, a native and citizen of Mexico, became a lawful permanent resident of the United States in 1989.  In late 2004, he pleaded nolo contendere to a violation of California Penal Code Section 666 (petty theft as defined in California Penal Code Sections 484 and 488 with a sentence enhancement due to prior qualifying convictions), and was sentenced to a term of three years of probation.  Several months later, Lopez-Valencia was arrested for possession of a controlled

---

[1] California defines the substantive offense of theft in Penal Code Section 484.  Other Penal Code sections define the degrees of theft and sentence enhancements for certain offenses. *See, e.g.*, Cal. Penal Code §§ 487 (grand theft), 488 (petty theft), 666 (petty theft with qualifying prior convictions).  Our use of the terms "theft conviction" or "theft statute" refer to any offense for which the substantive, underlying offense charged is a violation of Penal Code Section 484.

substance. He admitted to violating the terms of his probation and was sentenced to two years in state prison. In 2010, Lopez-Valencia was convicted of violating California Health and Safety Code Section 11550 (being under the influence of a controlled substance).

Following his second conviction, Lopez-Valencia was placed in removal proceedings. The Immigration Judge (IJ) ruled that both of Lopez-Valencia's convictions rendered him removable. The BIA affirmed on the ground that Lopez-Valencia's conviction "constitutes an aggravated felony" because it is a "theft offense" as defined by 8 U.S.C. § 1101(a)(43)(G). In light of this ruling, the BIA declined to address the IJ's finding that Lopez-Valencia was also removable due to his conviction under Section 11550.

## ANALYSIS

The central issue in this appeal is whether a conviction under California's theft statute may qualify as an "aggravated felony" because it is a "theft offense" as defined by 8 U.S.C. § 1101(a)(43)(G).[2] Just four years ago, we answered "sometimes" to this question. *See United States v. Rivera*, 658 F.3d 1073, 1077–78 (9th Cir. 2011) (holding that a conviction for theft in California may be an aggravated felony if the record "establish[es] that [the defendant] pleaded guilty to a generic theft offense"). In *Descamps*, however, the Supreme Court rejected certain aspects of our circuit's method of determining whether a state conviction is an aggravated felony. Following the instructions of both

---

[2] We have jurisdiction to answer this question under 8 U.S.C. § 1252, and our review is *de novo*. *Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003).

*Descamps* and our subsequent decision in *Rendon*, we hold that a California conviction for theft is never an aggravated felony because it is categorically not a theft offense.**[3]**

*Descamps* prescribes a "three-step process" to determine whether a prior conviction is an aggravated felony. *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law. *Id.* at 1112. If this "categorical approach" reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as an aggravated felony. *See Taylor v. United States*, 495 U.S. 575, 599 (1990). When a statute is "overbroad," meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two: determining whether the statute is "divisible" or "indivisible." *Medina-Lara*, 771 F.3d at 1112. If the statute is indivisible, "our inquiry ends, because a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense." *Id.* Only when a statute is overbroad and divisible do we turn to step three—the "modified categorical approach." At this step, we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating. *Id.* at 1113; *see Descamps*, 133 S. Ct. at 2293.

The parties agree that our resolution of the first step is dictated by precedent that was not called into question by

---

**[3]** Because Lopez-Valencia's conviction is not a "theft offense," we do not address his claim that he was not sentenced to a term of imprisonment of more than one year.

*Descamps.* We have consistently held that "a petty theft conviction, under Cal. Penal Code §§ 484(a) and 666, is not a categorical match to the federal definition of a theft offense." *Rivera*, 658 F.3d at 1077; *see also Carrillo-Jaime v. Holder*, 572 F.3d 747, 751 (9th Cir. 2009); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1208 (9th Cir. 2002) (en banc). This is so because the elements of a generic federal theft offense are: "[1] a taking of property or an exercise of control over property [2] without consent [3] with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Rivera*, 658 F.3d at 1077 (alterations in original) (quoting *Carrillo-Jaime*, 572 F.3d at 750). California's theft statute, however, "expressly criminalizes certain conduct— such as theft of labor, false credit reporting, and theft by false pretenses—that do not satisfy the generic definition." *Id.* As we recently confirmed in *Garcia v. Lynch*, California's theft statute is "overbroad": some people who have been convicted under it committed a generic theft offense, while some have not. 786 F.3d 789, 794 (9th Cir. 2015) (per curiam). So far, so good.

The sledding gets tougher at step two: whether the statute is divisible. Before *Descamps*, this step was absent from our jurisprudence. For any overbroad statute, divisible or not, we "look[ed] beyond the statute of conviction to determine whether the facts proven at trial or admitted by the defendant as part of his guilty plea establish[ed] that the defendant was convicted of all the elements of the relevant federal generic offense." *Sanchez-Avalos v. Holder*, 693 F.3d 1011, 1014–15 (9th Cir. 2012). Thus in *Rivera*, we applied the modified categorical approach to a theft conviction without pausing to analyze whether the statute was divisible. 658 F.3d at 1077.

The Supreme Court rejected this approach in *Descamps*. Abrogating our opinion in *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc), and addressing a circuit split stemming from cases that employed the *Aguila-Montes* methodology, the Court instructed that a court may only apply the modified categorical approach to "divisible statute[s]." *Descamps*, 133 S. Ct. at 2285. It explained that a divisible statute "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Id.* (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)). If a statute does not list alternative elements, but merely encompasses different means of committing an offense, the statute is "indivisible" and the modified categorical approach "has no role to play." *Id.*

Following *Descamps*, in *Rendon* we clarified how to distinguish truly divisible from indivisible statutes. 764 F.3d at 1084–90. There, we held that divisibility hinges on whether the jury must unanimously agree on the fact critical to the federal statute. *Id.* at 1085 ("[A] jury faced with a divisible statute must unanimously agree on the particular offense of which the petitioner has been convicted . . . ."). By contrast, a statute is indivisible if "the jury may disagree" on the fact at issue "yet still convict." *Id*. at 1086.

As the nuances and intricacies of the modified categorical approach are usually explained through a hypothetical crime involving guns and axes, we employ one here. Imagine a statute that criminalizes assault with "a gun or an axe." A federal law imposes penalties only for defendants previously convicted of "gun offenses." If state law makes clear that a defendant can be found guilty only if all twelve jurors agree that the defendant used a gun or if all twelve jurors agree the defendant used an axe, the statute has alternative elements

and is divisible.  The court may then apply the modified categorical approach to determine whether the defendant was accused and convicted of using a gun or an axe.  If, however, the defendant can be convicted with six jurors believing the defendant used a gun and six jurors believing the defendant used an axe,[4] the statute lists alternative means and is indivisible.

Applying *Rendon* to California's theft statute is not complicated.  The statute is indivisible because the jury need not unanimously agree on how the defendant committed theft.[5]  In California, "[i]t has long been the general rule . . . that when a single crime can be committed in various ways, jurors are not required to unanimously agree upon the *mode* of commission." *People v. Griffin*, 90 Cal. App. 4th 741, 750 (2001).  The California Supreme Court has spoken directly on juror unanimity under the theft statute, reasoning that while all jurors must agree that the defendant committed some form of unlawful taking, it is "immaterial whether or not [the jury] agreed as to the technical pigeonhole into which the theft fell." *People v. Nor Woods*, 233 P.2d 897, 898 (Cal. 1951).

---

[4] This oft-repeated hypothetical may seem silly due to the improbability that someone would ever commit an assault while holding an axe in one hand and a gun in the other.  But of course, our world is a surprising place, and improbability is not the same as impossibility. *See N. Mariana Islands v. Kaipat*, No. 94-0086, 1995 WL 1943007, at *1 (N. Mar. I. Oct. 23, 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (describing a robbery that resulted in charges being levied for both "assault with a rifle" and "assault with an axe").

[5] In *Garcia*, we "assume[d] . . . without deciding," that California's theft statute is divisible because "the question of divisibility was not raised in the briefs and oral argument" and the decision was based on "other grounds."  786 F.3d at 795 n.8.  With the benefit of fulsome briefing and argument, we do not make that assumption here.

Thus, a defendant may be convicted of "theft" if six jurors believe that he committed larceny (which is a form of theft that meets the federal generic definition) and six jurors believe that he committed theft of labor (which is not). *See id.* (holding that California has no requirement that jurors be instructed "that they must agree upon the method by which the theft was committed"); Judicial Council of California Criminal Jury Instruction 1861 ("You may not find the defendant guilty of theft unless all of you agree that the People have proved that the defendant committed theft under at least one theory. But all of you do not have to agree on the same theory.").

Although the California Supreme Court's unequivocal statements on jury unanimity in theft prosecutions are sufficient to support our conclusion that the statute is indivisible, the state legislature has gone a step further. Whereas "[a] prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives," *Descamps*, 133 S. Ct. at 2290, California exempts theft prosecutions from such a requirement. Section 952 of the Penal Code states that "[i]n charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another." This approach is not the hallmark of a statute that encompasses different crimes with separate elements. *See People v. Ashley*, 267 P.2d 271, 279 (Cal. 1954) (noting that California's laws governing theft prosecutions "remove the technicalities that existed in the pleading and proof of [different theft] crimes at common law").

Because the statute is overbroad and indivisible, our inquiry ends at step two—the modified categorical approach "has no role to play." *Descamps*, 133 S. Ct. at 2285. We

should not go further to examine any of the documents contained in Lopez-Valencia's record of conviction.

The government seeks to escape this conclusion by seeking to add a fourth step to our process for invoking the modified categorical approach. It points out that some California courts have described the theft statute as encompassing several different "substantive . . . offenses," and that distinct jury instructions exist for each form of theft. *See People v. Nazary*, 120 Cal. Rptr. 3d 143, 153 (Ct. App. 2010); Judicial Council of California Criminal Jury Instructions 1800 (larceny), 1804 (false pretenses), 1805 (theft by trick), and 1806 (embezzlement). Thus, after a trial in which the only charge against the defendant is theft by embezzlement and the evidence presented at trial only supports a theory of theft by embezzlement, the jury will be instructed on the elements of embezzlement. Although California does not require juror unanimity on the mode of theft committed, the government urges that a brief glance at the charging documents will allow us to determine whether juror disagreement was likely in any given case. In its view, when the charging documents point to a single theory of theft we can assume that the state "would have proven the elements of the particular type of theft alleged and the jury would have been instructed accordingly."

This detour harkens back to the factual approach adopted in the now-abrogated *Aguila-Montes* decision and "turns an elements-based inquiry into an evidence-based one." *Descamps*, 133 S. Ct. at 2287. The Court clarified in *Descamps* that the question of whether a statute is divisible is a legal question about what "different crimes" are contained within a single statute, not a factual question about the prosecution's theory of any given case. *Id.* at 2285. When a

statute contains alternative means rather than alternative elements, the charging documents will *never* shed any light on the only question the modified categorical approach seeks to answer: what elements the defendant was convicted of violating.

Although the government's "modified modified" categorical approach was not explicitly rejected by *Rendon*, it is inconsistent with the analysis in that case. *Rendon* involved California's burglary statute, which criminalizes entering a vehicle with the intent to commit "larceny or any felony." Cal. Penal Code § 459. In burglary trials, California courts have a *sua sponte* duty to instruct the jury on the elements of larceny or the other felony the state alleges that the defendant intended to commit. *People v. Hughes*, 39 P.3d 432, 472 (Cal. 2002). Thus, in prosecutions for burglary, as in prosecutions for theft, there may be instances where the prosecution alleges only that the defendant intended to commit larceny and the jury is instructed only on the elements of larceny. *Rendon* held, however, that Section 459 is indivisible because there is no *requirement* that the jury unanimously agree whether the defendant intended to commit larceny or another felony. *See* 764 F.3d at 1088–89. Rather, due to the phrasing of the statute, the practical *possibility* of a conviction being obtained despite juror disagreement renders the statute indivisible.

The government's approach also risks "potential unfairness" to the defendant down the road, long after the conviction at issue. *Taylor*, 495 U.S. at 601. The categorical approach exists in large part to ensure that the imposition of a consequence in federal proceedings does not hinge on a fact that was irrelevant to a defendant's earlier conviction. *See Descamps*, 133 S. Ct. at 2287. Without the requirement that

the jury unanimously agree on a fact, a defendant has no reason to introduce evidence that would disprove it. *See id.* at 2289 ("A defendant, after all, often has little incentive to contest facts that are not elements of the charged offense—and may have good reason not to.").

In a theft prosecution in California, there is no requirement that the charging documents spell out the defendant's offense with any particularity. *See* Cal. Penal Code § 952. The indictment may well reference theft by larceny, and the evidence adduced at trial may be consistent with that theory. But if, in fact, the defendant obtained the property through false pretenses, he would have no reason to tell the jury his version of events: The jury would simply be instructed on both larceny and false pretenses and told that it is of no consequence whether they believe the state's story or the defendant's story so long as they unanimously agree that he committed some form of unlawful taking. *See* Judicial Council of California Criminal Jury Instruction 1861.

This procedure does not track the Supreme Court's description of a prosecution under a divisible statute, in which the prosecutor must "select the relevant element from [the statute's] list of alternatives" and the jury must find those specific "element[s] unanimously and beyond a reasonable doubt." *Descamps*, 133 S. Ct. at 2290. The *requirement* of juror unanimity on a set of elements that matches the federal offense—not speculation that jurors in a specific case unanimously agreed on a set of facts that matches the federal definition—is the only safeguard against this unfairness. We thus decline the government's suggestion to insert a "modified modified" fourth step to alter our "three-step approach" to evaluating whether state crimes trigger federal consequences.

## CONCLUSION

California's theft statute is both overbroad and indivisible. Full stop. The statute should not be subjected to the modified categorical approach, and a conviction under it can never be a "theft offense" as defined in 8 U.S.C. § 1101(a)(43)(G).[6] Because the BIA did not address the IJ's alternate holding that Lopez-Valencia is removable due to his conviction under Section 11550 of California's Health and Safety Code, we remand for further proceedings.

**PETITION GRANTED and REMANDED.**

---

[6] As noted above, *Descamps* substantially altered our circuit's framework for applying the modified categorical approach. To the extent that *United States v. Rivera*, 658 F.3d 1073, 1077 (9th Cir. 2011), *Carrillo-Jaime v. Holder*, 572 F.3d 747, 751 (9th Cir. 2009), and *United States v. Corona-Sanchez*, 291 F.3d 1201, 1208 (9th Cir. 2002) (en banc), suggested that a conviction for theft in California could qualify as a generic theft offense, we conclude that those cases are "clearly irreconcilable" with *Descamps*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).