**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MAUREEN RIVERA, | No. 12-71693 |
| Petitioner, | Agency No. A041-286-016 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 15, 2015
San Francisco, California

Before: FLETCHER, BERZON, and BEA, Circuit Judges.

Maureen Rivera, a lawful permanent resident, seeks review of the Board of

Immigration Appeals' (BIA's) order finding her removable and pretermitting her

application for cancellation of removal. We grant Rivera's petition and remand her

case to the agency to determine, in the first instance, whether Rivera qualifies for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

-1-

cancellation in light of this panel's disposition.

Before the agency, Rivera conceded that she was removable on the basis of two crimes involving moral turpitude: one count of grand theft under California Penal Code (CPC) § 487(b)(3) and two counts of embezzlement under CPC §§ 508 and 487(a). Grand theft of property is an aggravated felony within the meaning of 8 U.S.C. § 1101(a). Because a conviction for an aggravated felony is a statutory bar to a lawful permanent resident's application for cancellation of removal, the Immigration Judge (IJ) pretermitted Rivera's application for cancellation. Recognizing that only theft of property—and not theft of labor—may constitute an aggravated felony, the IJ found that CPC § 487(b)(3) was divisible and thus subject to the modified categorical approach. Because Rivera's criminal information and abstract of judgment confirm that she stole *property* and not labor, the IJ concluded that Rivera had indeed been convicted of an aggravated felony, which foreclosed her from seeking cancellation of removal. The IJ ordered Rivera removed to the Philippines, and the BIA affirmed.

Our intervening case law requires reversal of the BIA's determination. In *Lopez-Valencia v. Lynch*, 798 F.3d 863 (9th Cir. 2015), we held that California's theft statutes, like CPC § 487, are not only overbroad (because they criminalize theft of labor in addition to theft of property)—but also *indivisible* (because the

-2-

jury may convict without agreeing unanimously whether the defendant stole property or labor). *Id.* at 868–70. California's theft statutes like CPC § 487 are therefore not susceptible to the modified categorical approach. *Id.* at 870. Thus, regardless of the documents underlying her conviction, Rivera is not barred from seeking cancellation of removal on the basis of her CPC § 487 conviction—an indivisible offense. *See Rendon v. Holder*, 764 F.3d 1077, 1090 (9th Cir. 2014) (en banc).

**Petition GRANTED and REMANDED.**