**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50581 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02432-W-1 |
| v. | |
| JOSE JESUS ANDRADE-CALDERON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Jose Jesus Andrade-Calderon pleaded guilty to 8 U.S.C. § 1326 which

criminalizes being a removed alien found present in the United States. On

December 8, 2014, Andrade-Calderon was sentenced to 30 months in prison for

this offense. His projected release date is October 4, 2016.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The central question in this appeal is whether the district court appropriately calculated Andrade-Calderon's sentence range under the sentencing guidelines. In calculating his sentence, the district court applied a 16-level increase to Andrade-Calderon's base offense level, concluding that Andrade-Calderon's prior conviction under 21 U.S.C. §§ 841(c)(2) & 846 was a "drug trafficking offense" as defined by U.S.S.G. § 2L1.2(b)(1). That increase resulted in a guidelines sentencing range of 30 to 37 months. Andrade-Calderon appeals, claiming that a conviction under Section 841(c)(2) is not a "drug trafficking offense" and therefore cannot justify the application of the 16-level enhancement. If the enhancement had not been applied, he argues, the appropriate guidelines range would have been 8 to 14 months, a sentence he has already served.

To determine whether Section 841(c)(2) is a "drug trafficking offense," thereby justifying the 16-level enhancement, we apply the three-step process set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013). First, we must compare the elements of Section 841(c)(2) to the elements of the generic "drug trafficking offense" defined by federal law. *Almanza-Arenas v. Lynch*, 809 F.3d 515, 521 (9th Cir. 2015) (en banc). If this "categorical approach" reveals that the elements of § 841(c)(2) are "the same as or narrower than the elements" of a drug trafficking offense, then Section 841(c)(2) is a "categorical match and every

conviction under that statute qualifies as a [drug trafficking offense.]" *Id.* (quoting *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015)).  If, however, the statute is "'overbroad,' meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two:  determining whether the statute is 'divisible' or 'indivisible.'" *Id.*  "If the statute is indivisible, 'our inquiry ends, because a conviction under an indivisible, overbroad statute can never serve as a predicate offense.'" *Id.*  We may turn to step three, the "modified categorical approach," only if the statute is overbroad *and* divisible.  In such case, "we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating." *Id.*

1.  At step one, we compare the elements of Section 841(c)(2) to the elements of a drug trafficking offense.  Section 841(c)(2) criminalizes the knowing or intentional possession or distribution of a "listed chemical" with either knowledge or reasonable cause to believe that the chemical will be used to manufacture a controlled substance.  21 U.S.C. § 841(c)(2).  A listed chemical is a chemical that has legitimate, legal uses, although it is occasionally used to make a controlled substance.  21 U.S.C. § 802(33)–(35).

In contrast, a "drug trafficking offense" under Guideline § 2L1.2 is an offense that "prohibits the manufacture, import, export, distribution, or dispensing

3

of, or offer to sell a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). A "drug trafficking offense" also "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit" the above offenses. *Id.* § 2L1.2 cmt. n.5.

Section 841(c)(2) cannot categorically be a drug trafficking offense because it criminalizes conduct that is not within the generic guidelines offense. Section 841(c)(2) deals exclusively with the possession of listed chemicals. Listed chemicals are not controlled substances because they have not been placed on the Schedules of 21 U.S.C. § 812. *See United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012) (defining controlled substance).

The government attempts to avoid this obvious conclusion by relying on a series of cases which suggest that an offense qualifies as a drug trafficking offense if it is "sufficiently similar" to the inchoate offenses of aiding and abetting, conspiring, or attempting to commit a drug trafficking offense. *See, e.g.*, *United States v. Jimenez*, 533 F.3d 1110 (9th Cir. 2008); *United States v. Contreras-Hernandez*, 628 F.3d 1169, 1172 (9th Cir. 2011). According to the government, a conviction under Section 841(c)(2) is sufficiently similar to these inchoate offenses

4

because the possession or distribution of a listed chemical can materially advance the crime of manufacturing a controlled substance. We reject this argument. Under our case law, an offense is sufficiently similar to those inchoate offenses only if "the *mens rea* and *actus reus* required for [the crime] are sufficiently similar to those required for aiding and abetting, conspiracy and attempt." *Contreras-Hernandez*, 628 F.3d at 1173 (quoting *United States v. Cornelio-Pena*, 435 F.3d 1279, 1286 (10th Cir. 2006)). Section 841(c)(2) criminalizes conduct that is significantly less serious than aiding and abetting, attempting, conspiring, or soliciting the manufacture of a controlled substance. Namely, it criminalizes the possession or distribution of the chemical with "reasonable cause to believe" that the chemical would be used to manufacture a controlled substance. Such a defendant need not intend that the chemical be used in the manufacture of a drug or even know that the chemical be used for such purpose. Mere reckless possession or distribution falls far short of the specific intent that is ordinarily required of inchoate crimes. *See, e.g.*, *United States v. Tran*, 568 F.3d 1156, 1157 (9th Cir.

2009) (aiding and abetting requires that the defendant "participate in it as in something that he wished to bring about") (internal quotations omitted).[1]

2. Having determined that Section 841(c)(2) is not categorically a drug trafficking offense, we must determine whether the statute is divisible. A statute is divisible if it has "multiple, alternative elements, and so effectively creates 'several different crimes,'" rather than by providing different means of committing the same crime. *Almanza-Arenas*, 809 F.3d at 522. Generally, if jury unanimity with regard to the alternatives that the statute proposes is not required, the statute is indivisible. *Id.* at 526–27; *Rendon v. Holder*, 764 F.3d 1077, 1087 (9th Cir. 2014). Here, the Ninth Circuit Manual of Model Jury Instructions does not require jury unanimity with regard to the defendant's mens rea. *See* Ninth Circuit Manual of Model Criminal Jury Instructions § 9.28. Accordingly, Section 841(c)(2) is not divisible.

---

[1] The government also suggests that a conviction under Section 841(c)(2) for possessing a listed chemical with *knowledge* that it will be used to manufacture a controlled substance is sufficiently similar to the inchoate offenses to justify the application of the enhancement. At least part of the behavior criminalized by Section 841(c)(2), however, is clearly overbroad—the part that criminalizes possession with only "reasonable cause to believe" the substance will be used to manufacture a controlled substance. Therefore, at step one, Section 841(c)(2) cannot categorically be a drug trafficking offense. We do not reach the more difficult question whether a defendant who had knowledge the chemical would be used to manufacture a controlled substance committed a drug trafficking offense, however, because we conclude below that Section 841(c)(2) is indivisible.

6

Since Section 841(c)(2) is an overbroad, indivisible statute, it cannot serve as a predicate offense justifying the 16-level enhancement under the guideline. Accordingly, Andrade-Calderon has already served a term well in excess of the appropriate guidelines range. The mandate shall issue forthwith and the case is remanded to the district court for immediate resentencing.

**VACATED AND REMANDED.  MANDATE TO BE ISSUED FORTHWITH.**