FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SAMER HADDAD, | No. 11-70674 |
| Petitioner, | Agency No. A035-446-592 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2016**
Pasadena, California

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

Samer Haddad, a native and citizen of Germany, petitions for review of the

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the

Immigration Judge's (IJ) final order of removal.  We have jurisdiction under 8

U.S.C. § 1252(a)(2)(D).  We grant the petition.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

The BIA erred as a matter of law when it applied the modified categorical approach to conclude that Haddad's conviction for petty theft with a prior conviction, in violation of California Penal Code §§ 484(a) and 666, constituted an aggravated felony. *See* 8 U.S.C. §§ 1101(a)(43)(G); 1227(a)(2)(A)(iii). "'[A] petty theft conviction, under Cal. Penal Code §§ 484(a) and 666, is not a categorical match to the federal definition of a theft offense.'" *Lopez-Valencia v. Lynch*, 798 F.3d 863, 868 (9th Cir. 2015) (quoting *United States v. Rivera,* 658 F.3d 1073, 1077 (9th Cir. 2011)). Applying the framework set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), we recently held that "California's theft statute is both overbroad and indivisible[,]. . . [and] should not be subjected to the modified categorical approach." *Id*. at 871; *see also Almanza–Arenas v. Lynch*, No. 09–71415, 2015 WL 9462976, at *6 (9th Cir. Dec. 28, 2015) (en banc). Accordingly, *"*a California conviction for theft is never an aggravated felony." *Lopez-Valencia*, 798 F.3d at

867.  Because Haddad has not been convicted of an aggravated felony, the BIA

erred by finding Haddad removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[1]

Because Haddad is not removable as charged, we do not consider whether

the BIA abused its discretion by denying Haddad's motion to remand to apply for a

waiver of inadmissibility under 8 U.S.C. § 1182(h).  Nor do we consider Haddad's

due process challenge.

**PETITION GRANTED.**

---

[1]  The BIA alternatively found that Haddad was removable because he sustained two convictions for crimes involving moral turpitude (CIMT) that are not a part of a single scheme.  *See* 8 U.S.C. § 1227(a)(2)(A)(ii).  Relying on *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005), the BIA concluded that Haddad's felony burglary conviction, in violation of California Penal Code § 459, qualified as a CIMT.  In its briefing on appeal, the government now concedes that the BIA's legal basis for determining that a § 459 violation qualified as a CIMT was invalidated by our decision in *Hernandez-Cruz v. Holder*, 651 F.3d 1094 (9th Cir. 2011).  The government also concedes that, even absent the BIA's misplaced reliance on *Cuevas-Gaspar*, the documents it submitted for application of the modified categorical approach are insufficient to prove that Haddad's burglary conviction was a CIMT.  We therefore do not consider the effect of *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), and *Almanza–Arenas v. Lynch*, No. 09–71415, 2015 WL 9462976 (9th Cir. Dec. 28, 2015) (en banc), if any, on the BIA's CIMT analysis.

3