**NOT FOR PUBLICATION**

JUN 20 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL NAVAR-DIAZ, AKA Manuel Diaz, AKA Manuel DeJesus Diaz, AKA Manuel Navardiaz, AKA Manuel DeJesus Navardiaz, AKA Manuel Dejesus Vavardiaz,<br><br>            Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>            Respondent. | No. 13-72636<br><br>Agency No. A092-837-484<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Manuel Navar-Diaz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition for review and remand.

The agency determined that Navar-Diaz's theft conviction under California Penal Code § 487(a) was an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) that rendered him removable.  At the time it decided this case, the agency did not have the benefit of this court's decision in *Lopez-Valencia v. Lynch*, 798 F.3d 863, 871 (9th Cir. 2015), concluding that "California's theft statute is both overbroad and indivisible . . . and a conviction under it can never be a 'theft offense' as defined in 8 U.S.C. § 1101(a)(43)(G)."  Because Navar-Diaz is no longer removable on this ground, we grant the petition for review, and remand.

In light of this disposition, we need not reach Navar-Diaz's remaining contentions regarding due process or his request for a continuance.

**PETITION FOR REVIEW GRANTED; REMANDED.**