**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10291 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-02029-CKJ-CRP-1 |
| v. | |
| MARCO SANCHEZ-FERNANDEZ, AKA Marcos Fernandes Sanchez, AKA Marcos Sanchez-Fernandez, AKA Rene Sanchez-Flores, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 13, 2016
San Francisco, California

Before:  W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Marco Sanchez-Fernandez appeals from his sentence for illegal reentry, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we reverse and remand.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court concluded that Sanchez-Fernandez's prior conviction for possession of narcotics for sale in violation of Arizona Revised Statute § 13-3408(A)(2) was a "drug trafficking offense" under United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(i), and applied a 16-level enhancement. That Arizona statute is not a categorical match with the federal generic definition because it criminalizes possession for sale of certain substances that are not federally controlled. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1990–91 (2015); *see also United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012) (holding that a California statute criminalizing possession or purchase of non-federally controlled substances was categorically broader than the definition of "drug trafficking offense" under U.S.S.G. § 2L1.2). When Sanchez-Fernandez was sentenced, neither the district court nor the parties had the benefit of *Mathis v. United States*, 136 S. Ct. 2243 (2016). Because an Arizona jury would not be required to find which narcotic drug a defendant possessed to render a conviction for § 13-3408(A)(2), *see* Rev. Ariz. Jury Instructions (Criminal), 34.082 (3d ed.), the statue is indivisible. *See Mathis*, 136 S. Ct. at 2256–57; *Lopez-Valencia v. Lynch*, 798 F.3d 863, 869 (9th Cir. 2015). The district court—not having been put on notice of the issue by an objection on this ground—committed plain error by applying a sentencing enhancement based on Sanchez-Fernandez's conviction

2

under this statute.  *See Mathis*, 136 S. Ct. at 2257.  We reverse the sentence imposed by the district court and remand for resentencing without the enhancement.  We need not reach Sanchez-Fernandez's other arguments in light of our reversal on this ground.

**REVERSED and REMANDED.**