# Matter of Enrique ALDAY-DOMINGUEZ, Respondent

*Decided June 1, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The aggravated felony receipt of stolen property provision in section 101(a)(43)(G) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(G) (2012), does not require that unlawfully received property be obtained by means of common law theft or larceny.

FOR RESPONDENT:  Michael E. Ward, Esquire, Washington, D.C.

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Robert Wities, Senior Attorney

BEFORE:  Board Panel:  PAULEY, GUENDELSBERGER, and KENDALL CLARK, Board Members.

PAULEY, Board Member:

In a decision dated May 3, 2016, an Immigration Judge terminated the removal proceedings, finding that the respondent is not removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony theft offense under section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (2012).  The Department of Homeland Security ("DHS") has appealed from that decision.  The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

The respondent is a native and citizen of Mexico and a lawful permanent resident of the United States.  He was convicted on March 11, 2011, of receiving stolen property in violation of section 496(a) of the California Penal Code and was sentenced to serve 16 months in prison.[1]  Based on this

---

[1]   At all relevant times, section 496(a) of the California Penal Code provided in pertinent part as follows:

> Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling,

conviction, the DHS issued a notice to appear charging that he is removable as an alien convicted of an aggravated felony theft offense under section 101(a)(43)(G) of the Act.

The Immigration Judge concluded that the DHS did not demonstrate that the respondent is removable as charged and terminated the proceedings. According to the Immigration Judge, a conviction under section 496(a) of the California Penal Code is not categorically a conviction for an aggravated felony theft offense in light of *Lopez-Valencia v. Lynch*, 798 F.3d 863 (9th Cir. 2015), a decision of the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises. Whether receiving stolen property under California law is an aggravated felony theft offense is a question of law that we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2016).

Section 101(a)(43)(G) of the Act defines an aggravated felony as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."[2] Because the phrase "theft offense" precedes the "receipt of stolen property" parenthetical and this parenthetical begins with the word "including," the Immigration Judge appears to have presumed that an aggravated felony receipt of stolen property offense must involve received property that was obtained by common law larceny or theft. For the following reasons, we hold that the receipt of stolen property provision in section 101(a)(43)(G) does not require that unlawfully received property be obtained by means of theft.

In *Matter of Cardiel*, 25 I&N Dec. 12, 17 (BIA 2009), we held that a conviction for receipt of stolen property under section 496(a) of the California Penal Code is categorically a conviction for an aggravated felony under section 101(a)(43)(G) of the Act if it is accompanied by a prison sentence of at least 1 year.[3] The Ninth Circuit held likewise in

---

or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment . . . .

[2]  The Supreme Court, the Ninth Circuit, and the Board have defined aggravated felony "theft" as the taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent. *See, e.g.*, *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007); *Lopez-Valencia*, 798 F.3d at 868; *Matter of Garcia-Madruga*, 24 I&N Dec. 436, 438 (BIA 2008).

[3]  We further held in *Matter of Ibarra*, 26 I&N Dec. 809, 813 (BIA 2016), "that the generic definition of aggravated felony theft under section 101(a)(43)(G) of the Act encompasses extortionate takings, in which consent is coerced by the wrongful use of force, fear, or threats."

*Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061–62 (9th Cir. 2009).[4] Neither we nor the Ninth Circuit directly addressed the contention that the language of section 101(a)(43)(G) requires that unlawfully received property be obtained by means of theft. We conclude that it does not and reaffirm our holding in *Matter of Cardiel*.

In that case, we observed that "'receipt of stolen property' is not merely a subset of 'theft' as that term is used in section 101(a)(43)(G) of the Act, because each can be considered to be a distinct and separate offense." *Matter of Cardiel*, 25 I&N Dec. at 14; *see also Matter of Sierra*, 26 I&N Dec. 288, 290 (BIA 2014) (reaffirming our conclusion in *Matter of Bahta*, 22 I&N Dec. 1381, 1390 (BIA 2000), that the receipt of stolen property parenthetical in section 101(a)(43)(G) "clarif[ies] that the term 'theft' was not being used in its limited traditional sense to require proof that the offender was involved in the actual taking of the property at issue").[5]

The respondent argues that the receipt of stolen property parenthetical in section 101(a)(43)(G) only encompasses offenses where the property is obtained through theft, and not, for example, property obtained by false pretenses. This assertion is unpersuasive. The parenthetical does not say that it only includes "receipt of property obtained by theft" or some comparable formulation. Rather, it refers to "receipt of *stolen* property." Section 101(a)(43)(G) of the Act (emphasis added).

The Supreme Court has held in a different, albeit relevant, context that the term "stolen" is not a common law term with a fixed meaning that relates only to common law offenses such as theft and larceny but should, instead, be interpreted broadly as including offenses of embezzlement, false pretenses, and any other felonious takings. *United States v. Turley*, 352 U.S.

---

[4]   There is no support for the Immigration Judge's determination that the Ninth Circuit implicitly overruled its holding in *Verdugo-Gonzalez* in its more recent decision in *Lopez-Valencia*, 798 F.3d 863. *Lopez-Valencia* involved a different statute—section 484 of the California Penal Code—and did not even cite *Verdugo-Lopez*, much less overrule it. Indeed, following *Lopez-Valencia*, the Ninth Circuit has reaffirmed its holding in *Verdugo-Gonzalez*. *See Prieto-Hernandez v. Lynch*, 653 F. App'x 547, 549 (9th Cir. 2016) (citing *Verdugo-Gonzalez*, 581 F.3d at 1061–62, in support of its holding that an alien's "conviction for receipt of stolen property under California Penal Code § 496(a) is a 'theft offense' within the meaning of [section 101(a)(43)(G)]"). Moreover, the Ninth Circuit's holding in *Lopez-Valencia*—that section 484 is categorically overbroad relative to the generic definition of aggravated felony theft because it covers theft of labor, false credit reporting, and theft by false pretenses—has no bearing on the issue here, namely, whether section 496 reaches receipt of stolen property offenses involving property obtained by means other than theft. *Lopez-Valencia*, 798 F.3d at 868.

[5]   Receiving stolen property is a statutory offense separate from the crime involved in the stealing of property. *See* 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.2, Westlaw (database updated Oct. 2016); *see also* Model Penal Code §§ 223.2, 223.6 (2016).

407, 415−17 (1957).[6]  Thus, we need not decide whether the respondent's violation of section 496(a) of the California Penal Code is a generic "theft" offense as we have defined that term, because the receipt of stolen property parenthetical is not limited to receipt offenses in which the property was obtained by means of theft.[7]

We therefore conclude that the respondent's conviction for receipt of stolen property is categorically for an aggravated felony theft offense under section 101(a)(43)(G) of the Act and that the Immigration Judge's reliance on *Lopez-Valencia* was misplaced.  Accordingly, the DHS's appeal will be sustained, the proceedings will be reinstated, and the record will be remanded for consideration of any relief from removal for which the respondent may be eligible.

**ORDER:**  The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[6]  Our survey of State law indicates that most jurisdictions broadly define "stolen" beyond the common law offenses of theft and larceny to include property obtained by unlawful means such as robbery, extortion, coercion, burglary, false pretenses, deceit, embezzlement, and other illegal conduct.

[7]  We note that section 101(a)(43)(G) is not the only aggravated felony provision in the Act where Congress has employed an expression preceded by the word "including" to cover a broader range of offenses than those previously referenced.  For example, section 101(a)(43)(B) covers "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), *including* a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)."  (Emphasis added.)  It is clear that the latter category, which reaches any felony under the Controlled Substances Act, covers a greater swath of offenses than those constituting illicit trafficking.  *See Matter of L-G-H-*, 26 I&N Dec. 365, 369 (BIA 2014) ("Since the phrase '*including* a drug trafficking crime' in section 101(a)(43)(B) is set forth as a subset of 'illicit trafficking,' Congress must have intended that 'illicit trafficking' would encompass other controlled substance offenses beyond those defined to be a 'drug trafficking crime . . . .'").