**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWIN PASCUA GUIEB, AKA Edwin
P. Guieb,

     Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

     Respondent.

No.  15-70021

Agency No. A041-164-361

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2018
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

  Edwin Guieb, a lawful permanent resident of the United States, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an Immigration Judge's decision denying his motion to terminate and finding

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

him removable under 8 U.S.C. § 1227(a)(2)(A)(ii) because he had been convicted of two crimes involving moral turpitude ("CIMT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

In 2011 and 2012, Guieb pleaded guilty to and was convicted of three counts of theft in the fourth degree in violation of Hawaiʻi Revised Statutes § 708-833(1). The BIA held that Hawaiʻi Revised Statutes § 708-833(1) as defined in § 708-830 is a categorical CIMT. Whether a crime under state law qualifies as a CIMT is a question of law that this court reviews de novo. *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010).

When determining whether Guieb's convictions constitute CIMTs for immigration purposes, we apply the three-step categorical and modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990) and *Descamps v. United States*, 570 U.S. 254, 258 (2013), examining first whether the elements of the statute of conviction are broader than the generic definition of a CIMT. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 868–69 (9th Cir. 2015) (discussing the three-step approach); *Mancilla-Delafuente v. Lynch*, 804 F.3d 1262, 1265 (9th Cir. 2015) (comparing "the elements of the state offense with those of the generic definition of a CIMT to determine if there is a categorical match"). Relevant here, the BIA has held in a number of precedential decisions that

offenses involving fraud and theft with intent to deprive the owner of their property "permanently" constitute CIMTs. *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 626 (9th Cir. 2010) (noting that crimes that involve fraud constitute CIMTs); *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1159 (9th Cir. 2009) ("Ordinarily, a conviction for theft is considered to involve moral turpitude only when a permanent taking is intended." (quoting *Matter of Grazley*, 14 I. & N. Dec. 330, 333 (BIA 1973))). If the statute of conviction criminalizes takings that do not involve fraud or intent to deprive an owner of their property permanently—such as theft with intent to deprive the owner of their property only *temporarily*—the statute is broader than the generic definition and is not a categorical CIMT. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291 (9th Cir. 2018); *Castillo-Cruz*, 581 F.3d at 1159.

Guieb argues that Hawai'i Revised Statutes § 708-833(1) as defined in § 708-830 is not a categorical CIMT because Hawai'i Revised Statutes § 708-830(6) is overbroad. We agree. Hawai'i Revised Statutes § 708-830(6) encompasses conduct that does not include an intent to defraud or to permanently deprive an owner of their property. *See State v. Gaylord*, 890 P.2d 1167 (Haw. 1995) (discussing the material elements of Hawai'i Revised Statutes § 708-830(6)); *State v. Borochov*, 948 P.2d 604, 610–11 (Haw. Ct. App. 1997) (applying Hawai'i Revised Statutes § 708-830(6) to conduct that falls outside the generic

3

definition of a CIMT); *see also* HAW. REV. STAT. § 708-800 (defining "deprive" to include temporary deprivations).

Because Hawai'i Revised Statutes § 708-833(1) as defined in § 708-830 is not a categorical CIMT, we must next determine if the statute is divisible. *See Descamps*, 570 U.S. at 258 (discussing how courts must determine if a statute is divisible before applying the modified categorical approach). "If the statute is indivisible, 'our inquiry ends . . . .' Only when a statute is overbroad and divisible do we turn to step three—the 'modified categorical approach.'" *Lopez-Valencia*, 798 F.3d at 868 (quoting *Medina–Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014)). Hawai'i Revised Statutes § 708-833(1), as defined in § 708-830, lists alternative means and is indivisible. *Cf. Lopez-Valencia*, 798 F.3d at 868–70 (discussing divisibility and finding a California theft statute indivisible); *Garcia-Martinez*, 886 F.3d at 1294 (finding an Oregon theft statute indivisible).

We therefore hold that Guieb was not convicted of two CIMTs, and is therefore not removable under 8 U.S.C. § 1227(a)(2)(A)(ii).

**PETITION GRANTED.**[1]

---

[1] We deny the Respondent's Motion for Remand to the Board of Immigration Appeals, filed September 25, 2018 (Dkt. #31).