**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO FLORES-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  16-73827 <br><br> Agency No. A200-975-940 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2019[**]
Pasadena, California

Before:  RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,[***]
District Judge.

Petitioner Alejandro Flores-Martinez entered the United States without valid

documentation and was subsequently convicted of petty theft in 1990 and 1994.  The

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James Rodney Gilstrap, United States District Judge for the Eastern District of Texas, sitting by designation.

Government initiated removal proceedings and Petitioner applied for cancellation of removal and other relief. Petitioner initially conceded that he was statutorily ineligible for cancellation of removal based on his two prior petty theft convictions. The Immigration Judge ("IJ") pretermitted the request for cancellation and denied Petitioner's other requests for relief. Petitioner appealed the IJ's denial and the Board of Immigration Appeals ("BIA") dismissed the appeal. Petitioner moved for reconsideration of the BIA's dismissal, alleging that a change of law affected Petitioner's application for cancellation of removal. The BIA denied the motion and the instant appeal followed. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review *de novo* the BIA's determination of questions of law. *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1158–59 (9th Cir. 2009). BIA rulings on motions to reopen and reconsider are reviewed for abuse of discretion and are "reverse[d] only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

Petitioner urges this Court to overturn this Circuit's long-standing precedent that petty theft under Cal. Penal Code ("CPC") § 484(a) is categorically a crime involving moral turpitude ("CIMT"), and thus, an offense that would disqualify an applicant for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Petitioner argues that since *Lopez-Valencia v. Lynch*, 798 F.3d 863 (9th Cir. 2015), held that

California petty theft is not a categorical match to the federal definition of theft, then it should follow that his petty theft convictions are not categorically CIMTs.

"[W]e have consistently held that acts of petty theft constitute crimes of moral turpitude" under California law. *Castillo-Cruz*, 581 F.3d at 1160 (collecting cases). *Lopez-Valencia v. Lynch* did not change or affect this holding. Accordingly, the BIA did not err in denying Petitioner's motion for reconsideration.

**PETITION DENIED**.

16-73827