

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANJUM NAWAZ KHAN, | No.    18-71530 |
| Petitioner, | Agency No. A075-827-533 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2020[**]
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Anjum Nawz Khan petitions for review of the decision of the Board of

Immigration Appeals ("BIA"), holding that Khan was removable under 8 U.S.C.

§ 1227(a)(2)(A)(iii) for committing an aggravated felony under 8 U.S.C.

§ 1101(a)(43).  We have jurisdiction to determine whether an offense is an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

aggravated felony under the Immigration and Nationality Act. *See Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir. 2010). We grant the petition for review.

The Department of Homeland Security issued a Notice to Appear, charging Khan with removability as an aggravated felon based on Khan's conviction of rape in the second degree, Revised Code of Washington section 9A.44.050(1). The BIA concluded that all subsections of RCW § 9A.44.050(1) were a categorical match to the generic crime of rape. We disagree. Subsections (c), (d), and (e) of RCW § 9A.44.050(1) are overbroad, because they can be committed with consent and do not require that a person be "overcome by force or fear, or under other prohibitive conditions." *Castro-Baez v. Reno*, 217 F.3d 1057, 1059 (9th Cir. 2000) (defining common law rape) (quoting Black's Law Dictionary (6th ed.1990)); *see also State v. Soderquist*, 816 P.2d 1264, 1267 (Wash. Ct. App. 1991) (noting that subsection (c) "involve[s] a vulnerable victim and an abuse of trust").

Because RCW § 9A.44.050(1) is overbroad, we must next determine whether the statute is divisible. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015). "[I]ndivisible statutes may contain multiple, alternative *means* of committing the crime, [whereas] only divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Rendon v. Holder*, 764 F.3d 1077, 1084-85 (9th Cir. 2014). Whether the subsections of RCW § 9A.44.050(1)

are elements or means turns "on whether a jury must unanimously agree on which of the [six] statutory alternatives a defendant committed to return a conviction." *United States v. Robinson*, 869 F.3d 933, 938 (9th Cir. 2017). "[A] statute is indivisible if the jury may disagree on the fact at issue yet still convict." *Lopez-Valencia*, 798 F.3d at 869 (quotation marks and citation omitted). Here, the Washington Supreme Court has explained that the subsections of RCW § 9A.44.050(1) are "alternative means," and that "jury unanimity as to the means by which [the defendant] committed the rape is not required." *State v. Ortega-Martinez*, 881 P.2d 231, 233 (Wash. 1994).

In *Robinson*, we analyzed another Washington statute, RCW § 9A.36.021. Relying on the Washington Supreme Court's conclusion that the subsections were "alternative means," we held that the statute was indivisible, because jury unanimity was not required. 869 F.3d at 939-41. The issue presented in the present case is indistinguishable from *Robinson*. RCW § 9A.44.050(1) allows prosecutors to allege more than one "alternative means" of committing rape in the second degree, and a jury need not agree on the means of committing the rape. *See Ortega-Martinez*, 881 P.2d at 234-35. Accordingly, Khan's conviction under

3

RCW § 9A.44.050(1) does not categorically satisfy the definition of an aggravated felony.[1]

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

[1] Because we grant the petition, we need not reach Khan's additional arguments raised on appeal.